**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4746

MARCELO ANG-ANGCO CRUZ, a/k/a
Mark Cruz,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-98-9-A)

Submitted: March 9, 1999

Decided: March 24, 1999

Before ERVIN, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Alan H. Yamamoto, Alexandria, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Robert W. Wiechering, Assistant
United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marcelo Ang-Angco Cruz appeals from the district court order sentencing him to ninety-seven months' imprisonment for conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 371 (1994), aiding and abetting mail and wire fraud in violation of 18 U.S.C. §§ 2, 1341, 1343 (1994), and conspiracy to commit money laundering and money laundering in violation of 18 U.S.C. §§ 1956, 1956(h) (1994). Finding no error, we affirm.

Cruz's first contention is that the district court erred in assessing a two-level enhancement to his sentence pursuant to United States Sentencing Guidelines Manual ("U.S.S.G.")§ 3B1.1(c) (1997), on the basis that he supervised and exercised control over other participants in the criminal enterprise. Factual disputes concerning adjustments under the guidelines should be resolved by a preponderance of the evidence. See United States v. Urrego-Linares , 879 F.2d 1234, 1239 (4th Cir. 1989). The district court's findings of fact concerning role adjustments must be affirmed unless clearly erroneous. See United States v. Smith, 914 F.2d 565, 569 (4th Cir. 1990).

In 1995 Cruz became the office manager of a law office established for the sole purpose of settling fraudulent accident claims. Cruz was responsible for organizing fraudulent medical reports and accident reports which he then sent to insurance companies. The evidence at trial disclosed that in his capacity as office manager he encouraged at least one co-conspirator to stage a fraudulent accident and personally paid another person for his participation in a manufactured accident. Given these facts, we do not find that the district court clearly erred in finding that Cruz supervised other persons in connection with the conspiracy and fraud offenses for which he was convicted.

Cruz next claims that the district court erroneously attributed to him the entire monetary loss suffered by the insurance company victims during the course of the conspiracy. Cruz claims that from the fall of 1994 until the summer of 1995 he lived in Philadelphia and did not participate in the conspiracy. He therefore asserts that the district

2

court should not have held him responsible for the loss inflicted by the conspiracy during this period.

We find no error in the district court's decision to hold Cruz accountable for the fraudulent activities of his co-conspirators during his temporary absence. In sentencing a defendant, the district court may consider all relevant conduct under U.S.S.G.§ 1B1.3(a)(1). Relevant conduct in the case of jointly undertaken criminal activity includes all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity. Id. When Cruz moved to Philadelphia he was aware that his co-conspirators intended to continue their fraudulent insurance scheme and he failed to take affirmative steps to demonstrate his withdrawal from the conspiracy at that time. See United States v. Urbanik, 801 F.2d 692, 697 (4th Cir. 1986). In fact, nine months after he moved to Philadelphia Cruz resumed his position in the conspiracy and helped process cases that had been initiated in his absence. Therefore, Cruz's relevant conduct for sentencing purposes included the acts of his co-conspirators during his nine-month absence, and the district court did not err in holding him accountable for the monetary losses inflicted by the conspiracy during this period.

We find no merit to Cruz's assertion that the district court erred in adopting the presentence report's recommendation to deny an adjustment for acceptance of responsibility because Cruz proceeded to trial. Because this issue was not raised before the district court, this court's review is for plain error only. See United States v. Olano, 507 U.S. 725 (1993). Plain error requires an error that is clear or obvious, that affects substantial rights, i.e., is prejudicial to the defendant, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732. Although Cruz is correct in maintaining that a defendant who exercises his right to trial is not automatically foreclosed from receiving an acceptance of responsibility adjustment, see United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995), the "adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 comment. n.2. The record contains nothing to suggest that the district court should have recognized this as the rare case in which the defendant was entitled to the adjust-

3

ment in spite of his decision to proceed to trial. See id. Therefore, the district court did not err in declining to award Cruz an acceptance of responsibility adjustment.

Cruz's final contention is that the district court erred in ordering restitution in the amount of $1,382,477.90 without considering various factors relevant to his ability to pay the restitution. Cruz's argument ignores the plain language of 18 U.S.C.A. § 3663A (West 1985 & Supp. 1998). That statute makes restitution mandatory for offenses committed by fraud and requires the district court to order full restitution "without consideration of the economic circumstances of the defendant." 18 U.S.C.A. § 3663A (West 1985 & Supp. 1998); see United States v. Williams, 128 F.3d 1239, 1241 (8th Cir. 1997). Accordingly, the district court properly ordered Cruz to pay full restitution to the insurance company victims of his fraudulent activities.

We therefore affirm Cruz's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4